BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 2530
Sacramento, CA 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
brad@benbrooklawgroup.com

BROWN WEGNER LLP
William J. Brown, Jr. (SBN 192950)
 bill@brownwegner.com
2010 Main Street, Suite 1260
Irvine, California 92614
Telephone: (949) 705-0080

BOYDEN GRAY & ASSOCIATES PLLC
C. BOYDEN GRAY, Admitted Pro Hac Vice
JONATHAN BERRY, Admitted Pro Hac Vice
MICHAEL BUSCHBACHER, Admitted Pro Hac Vice
JORDAN E. SMITH (SBN 317294)
801 17th Street NW, Suite 350
Washington, DC 20006
Telephone: (202) 955-0620
berry@boydengrayassociates.com

Attorneys for Plaintiff,
ALLIANCE FOR FAIR BOARD RECRUITMENT

RESPONSE TO MOTION TO TRANSFER VENUE

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE FOR FAIR BOARD RECRUITMENT, <br><br> Plaintiff, <br><br> v. <br><br> SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, <br><br> Defendant. | Case No. 2:21-cv-05644-RGK-RAO <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF CALIFORNIA** <br> Hearing Date:    October 4, 2021 <br> Time:            9:00 a.m. <br> Courtroom:       850, 8th Floor <br> Judge:           R. Gary Klausner <br> Trial Date:      None set <br> Complaint Filed: July 12, 2021 |

## RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE

### INTRODUCTION

Defendant Weber's motion to transfer venue to the Eastern District of California (ECF #28) should be denied. Defendant does not dispute that this case was properly brought in the Central District, as venue over a state officer is proper in any district within that state. *See California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018). And Defendant has failed to offer any convincing support for its argument that the Eastern District is a substantially more convenient or just forum to litigate the issues in this case. Contrary to Defendant's assertions, this case has only minimal overlap with *Meland v. Weber*, which is currently pending in the Eastern District; Plaintiff's choice of forum is entitled to substantial deference; and the Central District is a more efficient, speedy forum for resolving the time-sensitive challenges to these laws. Indeed, this Court's ability to provide a quick resolution on these important matters is a key reason why Plaintiff chose this forum, and Plaintiff is committed to moving this case as expeditiously as possible.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

The burden of establishing that a case should be transferred lies squarely with the defendant, who "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). When determining whether transfer is appropriate, courts consider several factors, including private-interest factors such as "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* Courts also consider public-interest factors such as "the administrative difficulties flowing from court congestion" and "the local interest in having localized controversies decided at home." *Id.* (internal quotation marks omitted).

## LEGAL ARGUMENT

### I. THE CONVENIENCE OF THE PARTIES AND INTEREST OF JUSTICE FAVOR RETAINING THIS CASE IN THE CENTRAL DISTRICT.

None of the bases for transfer discussed in Defendant's motion support its request. On the contrary, the relevant factors—including whether a substantially similar case is pending in a different venue, the ease of access to witnesses and sources of proof, and relative court congestion and timeliness—all counsel in favor of retaining this case in the Central District.

## A. The Pending Case in the Eastern District is Substantially Different from This Case.

Defendant incorrectly claims that this case is no different from the *Meland v. Weber* suit in the Eastern District. In reality, only a small portion of this case overlaps with the sole claim brought in *Meland*—*i.e.*, a one-count equal protection challenge to SB 826, California's Woman Quota law. Plaintiff Alliance for Fair Board Recruitment's case also challenges an entirely different law, AB 979, California's Race and Sexual Minority Quota law, and Plaintiff brings numerous other claims against both SB 826 and AB 979 beyond the equal protection challenge in *Meland*, including challenges based on the corporate internal affairs doctrine and a federal civil rights statute, 42 U.S.C. § 1981. Moreover, this case additionally asserts claims from the perspective of potential board candidates who are harmed by these laws, whereas the claim in *Meland* is based solely on an injury to a shareholder. In sum, there are different laws at issue, different legal bases for the challenges to those laws, and different theories for injury and standing.

Defendant cites a Central District case to support its argument that courts have found cases to be sufficiently similar as to justify transfer despite some differences between the cases. *See Reese v. Malone*, Case No. CV 07-7511-RGK (RCX), 2008 WL 11342462, at *3 (C.D. Cal. June 19, 2008). But in deciding to allow transfer, the court in that case noted approvingly that "the majority of the allegations in both cases [were] the same." *See id.* By contrast, just one of many allegations brought in Plaintiff Alliance for Fair Board Recruitment's suit matches the claim in *Meland*. Therefore, the two actions are not substantially similar such that transfer is warranted.

Defendant also tries to give the impression that extensive proceedings have occurred in *Meland* such that it would be duplicative for this Court to maintain a separate case. Although *Meland* was filed nearly two years ago, nearly all that time has been consumed by debates about the plaintiff's standing, which the Ninth Circuit has only recently resolved. Accordingly, *Meland* is essentially at the same stage as this case: no

answer has been filed, no discovery has occurred, and there has been no ruling on the merits. This also minimizes the chances of any inconsistent rulings. In fact, given the slower disposition rate of the Eastern District, the underlying merits proceedings in *Meland* will likely move at a much slower pace than those in this Court.[1] Accordingly, Defendant has not shown the compelling justification needed for Plaintiff's choice of forum to be overridden and the case transferred to another district.

## B. The Plaintiff's Choice of Venue is Entitled to Deference, and the Eastern District Is Not Significantly More Convenient for Defendant.

As noted already, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843. Defendant has failed to make that showing here. To be sure, as the Defendant points out, the Alliance for Fair Board Recruitment is based in Texas, but one of the association's key members for establishing associational standing is a shareholder of a company headquartered in El Segundo, California. *See* Affidavit of Jordan E. Smith, attached. Also, as discussed in Part C below, Plaintiff chose to sue in this District in large part because of the ability to obtain a swift and permanent resolution on the challenges to statutes with impending effective dates. That strong interest in quick justice should not be overridden and denied by transfer to a much slower district. Any hopes by Defendant that delays from transfer will allow these laws go into effect before a court can rule on their constitutionality do not constitute a proper reason for transfer. Quite the opposite.

Nor is the Central District a particularly inconvenient venue for Defendant. Plaintiff properly brought this action in a venue where Defendant resides. *See Azar*, 911 F.3d at 570. And, more to the point, Defendant, the California Secretary of State, has an office in Los Angeles from which to conveniently conduct its business in the Central

---

[1] As Defendant notes, the plaintiff in *Meland* has moved for a preliminary injunction. This might affect the implementation of the Woman Quota law, but not the ultimate outcome, which will have to wait for final judgment. Further, if this case were transferred to the Eastern District (and, as seems likely, if Defendant successfully sought to relate this case to that one), this would only complicate matters as Plaintiff Alliance for Fair Board Recruitment does not intend to seek a preliminary injunction, but to proceed as promptly as practicable to a final resolution on the merits.

District; the California Attorney General also maintains an office in this District. *See* Complaint ¶ 14 (ECF # 1). Accordingly, there is at most *de minimis* inconvenience to Defendant's counsel in having to litigate in this district.

In addition, this case does not involve fact-intensive issues that would require extensive testimony or access to evidence located exclusively in Sacramento. The case turns on the legality of two state statutes under the Constitution and a federal statute— pure questions of law. And to the extent discovery is deemed necessary, it would almost certainly be conducted electronically (in the case of documents) and remotely (in the case of depositions), meaning the precise physical location of the documents or witnesses is largely irrelevant. Defendant's lengthy discussions of the supposed convenience of potential witnesses and document discovery is therefore a red herring. Defendant is left to suggest that perhaps a witness from Sacramento would need to testify in person about the authenticity of government records (ECF #28 at 14 n.6)—a possibility so remote and unpersuasive that it confirms the minimal inconvenience on Defendant of having to defend this case in this Court.

Indeed, the issues here are so clearly a straightforward matter of law that Plaintiff could properly file a threshold motion for summary judgment or judgment on the pleadings—and thereby expedite this case substantially, without the need for discovery or witnesses at all. This would ensure that this case in fact could be resolved even faster than a typical civil matter.

**C. The Interest of Justice is Better Served by Maintaining the Case in the Central District, and the Convenience of Parties and Witnesses and Ease of Access to Sources of Proof Will Not Be Impaired.**

Maintaining this case in the Central District will better serve the interest of justice, with minimal (if any) inconvenience to Defendant. Critically, the greater speed and efficiency of the Central District compared to the Eastern District is necessary for advancing justice here, considering SB 826's and AB 979's implementation deadlines set

for the end of 2021. By no later than the close of the 2021 calendar year, AB 979 requires that corporations with principal executive offices located in California have at least one director from an "underrepresented community" on their boards. Cal. Corp. § 301.4(a). By this same deadline, SB 826 requires that California-headquartered corporations with five directors have a minimum of two female directors on their boards and corporations with six or more directors have a minimum of three female directors. Cal. Corp. § 301.3(a).

Considering the average time from filing to disposition for a case in the Central District is almost half that in the Eastern District, this "court congestion" factor heavily weighs in favor of maintaining the case in the Central District. *See Federal Court Management Statistics* (June 30, 2021), United States Courts, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1.

Indeed, the ability to obtain justice in a timely manner—given the ticking clock on the effective date of the statutes at issue—was a key consideration for why Plaintiff filed in this District rather than elsewhere. It makes little sense for a plaintiff's interest in quickly obtaining a resolution to be discarded in the name of "efficiency" via transfer to a much slower district. In addition, the many California businesses regulated by these two laws also will benefit from the added certainty of a quick resolution. As Justice Scalia once observed, one "obvious advantage of establishing as soon as possible a clear, general principle of decision" is that "uncertainty has been regarded as incompatible with the Rule of Law. Rudimentary justice requires that those subject to the law must have the means of knowing what it prescribes." Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. Chi. L. Rev. 1175, 1179 (1989).

In sum, any minimal inconvenience to Defendant does not outweigh the significant value to Plaintiff of resolving this case expeditiously. As noted earlier, the

Defendant is not substantially inconvenienced by litigating in the Central District, as she maintains an office there and the issues in this case are not fact intensive.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to transfer this case to the U.S. District Court for the Eastern District of California.

Respectfully submitted,

Dated: September 15, 2021          BOYDEN GRAY & ASSOCIATES PLLC

By:  /s/ Jordan E. Smith
     JORDAN E. SMITH
     Attorney for ALLIANCE FOR FAIR
     BOARD RECRUITMENT

Dated: September 15, 2021          BROWN WEGNER LLP

By:/s/ William J. Brown, Jr.
   William J. Brown, Jr.
   Attorney for ALLIANCE FOR FAIR
   BOARD RECRUITMENT

**SIGNATURE ATTESTATION:** I hereby attest that I have authorization for any signatures indicated by a conformed signature within this e-filed document, and that all other signatories herein listed, and on whose behalf this filing is submitted, concur in its content and have authorized the filing of same.

/s/ Jordan E. Smith

Jordan E. Smith

9

RESPONSE TO MOTION TO TRANSFER VENUE

## CERTIFICATE OF SERVICE

***Alliance for Fair Board Recruitment v. Shirley Weber***
No. 2:21-cv-05644-RGK-RAO, C.D. Cal.

The undersigned hereby certifies that on this date, the foregoing document filed electronically using the Court's CM/ECF System is served on counsel of record pursuant to the Federal Rules of Civil Procedure through the Court's Notice of Electronic Filing generated by the CM/ECF System, per L.R. 5-3.2.1.

Dated: September 15, 2021

/s/ Jordan E. Smith
Jordan E. Smith
BOYDEN GRAY & ASSOCIATES PLLC
801 17th St. NW. #350
Washington, D.C. 20006
(202) 955-0620
smith@boydengrayassociates.com