# Exhibit A

**Senate Bill No. 826**

CHAPTER 954

An act to add Sections 301.3 and 2115.5 to the Corporations Code, relating to corporations.

[Approved by Governor September 30, 2018. Filed with Secretary of State September 30, 2018.]

LEGISLATIVE COUNSEL'S DIGEST

SB 826, Jackson. Corporations: boards of directors.

The General Corporation Law provides for the formation of domestic general corporations by the execution and filing of articles of incorporation with the Secretary of State. Under that law, the business and affairs of these corporations are generally managed by, and all corporate powers exercised by or under, the direction of their boards of directors, and each director is elected by shareholder vote, with certain exceptions, as specified. That law also allows foreign corporations to transact intrastate business by obtaining certificates of qualification from the Secretary of State and requires foreign corporations that meet certain criteria to comply with specified provisions applicable to domestic general corporations to the exclusion of the law of the jurisdiction in which the foreign corporation is incorporated.

This bill, no later than the close of the 2019 calendar year, would require a domestic general corporation or foreign corporation that is a publicly held corporation, as defined, whose principal executive offices, according to the corporation's SEC 10-K form, are located in California to have a minimum of one female, as defined, on its board of directors, as specified. No later than the close of the 2021 calendar year, the bill would increase that required minimum number to 2 female directors if the corporation has 5 directors or to 3 female directors if the corporation has 6 or more directors. The bill would require, on or before specified dates, the Secretary of State to publish various reports on its Internet Web site documenting, among other things, the number of corporations in compliance with these provisions. The bill would also authorize the Secretary of State to impose fines for violations of the bill, as specified, and would provide that moneys from these fines are to be available, upon appropriation, to offset the cost of administering the bill.

*The people of the State of California do enact as follows:*

SECTION 1.   The Legislature finds and declares as follows:
(a)  More women directors serving on boards of directors of publicly held corporations will boost the California economy, improve opportunities for

women in the workplace, and protect California taxpayers, shareholders, and retirees, including retired California state employees and teachers whose pensions are managed by CalPERS and CalSTRS. Yet studies predict that it will take 40 or 50 years to achieve gender parity, if something is not done proactively.

(b) In September 2013, Senate Concurrent Resolution 62 urged that by December 31, 2016, all public companies in California increase the number of women on their boards of directors ranging from one to three, depending upon the size of their boards. California was the first state in the United States to adopt such a resolution, followed by five other states that passed similar resolutions urging more women directors on corporate boards in their states.

(c) Numerous independent studies have concluded that publicly held companies perform better when women serve on their boards of directors, including:

(1) A 2017 study by MSCI found that United States' companies that began the five-year period from 2011 to 2016 with three or more female directors reported earnings per share that were 45 percent higher than those companies with no female directors at the beginning of the period.

(2) In 2014, Credit Suisse found that companies with at least one woman on the board had an average return on equity (ROE) of 12.2 percent, compared to 10.1 percent for companies with no female directors. Additionally, the price-to-book value of these firms was greater for those with women on their boards: 2.4 times the value in comparison to 1.8 times the value for zero-women boards.

(3) A 2012 University of California, Berkeley study called "Women Create a Sustainable Future" found that companies with more women on their boards are more likely to "create a sustainable future" by, among other things, instituting strong governance structures with a high level of transparency.

(4) Credit Suisse conducted a six-year global research study from 2006 to 2012, with more than 2,000 companies worldwide, showing that women on boards improve business performance for key metrics, including stock performance. For companies with a market capitalization of more than $10 billion, those with women directors on boards outperformed shares of comparable businesses with all-male boards by 26 percent.

(5) The Credit Suisse report included the following findings:

(A) There has been a greater correlation between stock performance and the presence of women on a board since the financial crisis in 2008.

(B) Companies with women on their boards of directors significantly outperformed others when the recession occurred.

(C) Companies with women on their boards tend to be somewhat risk averse and carry less debt, on average.

(D) Net income growth for companies with women on their boards averaged 14 percent over a six-year period, compared with 10 percent for companies with no women directors.

(d) Other countries have addressed the lack of gender diversity on corporate boards by instituting quotas mandating 30 to 40 percent of seats to be held by women directors. Germany is the largest economy to mandate a quota requiring that 30 percent of public company board seats be held by women; in 2003, Norway was the first country to legislate a mandatory 40 percent quota for female representation on corporate boards. Since then, other European nations that have legislated similar quotas include France, Spain, Iceland, and the Netherlands.

(e) One-fourth of California's public companies in the Russell 3000 index have NO women on their boards of directors; and for the rest of the companies, women hold only 15.5 percent of the board seats. A 2017 report being prepared by Board Governance Research LLC, conducted by University of San Diego professor Annalisa Barrett, found the following:

(1) As of June 2017, among the 446 publicly traded companies included in the Russell 3000 index and headquartered in California, representing nearly $5 trillion in market capitalization, women directors held 566 seats, or 15.5 percent of seats, while men held 3,089 seats, or 84.5 percent of seats.

(2) More than one-quarter, numbering 117, or 26 percent, of the Russell 3000 companies based in California have NO women directors serving on their boards.

(3) Only 54, or 12 percent, of these companies have three or more female directors on their boards.

(4) Smaller companies are much more likely to lack female directors. Among the 50 California-based companies with the lowest revenues, with an average of $13 million in 2015 revenues, only 8.4 percent of the director seats are held by women, and nearly half, or 48 percent, of these companies have NO women directors. Among the 50 largest California companies, with an average of nearly $30 billion in 2015 revenues, 23.5 percent of the director seats are held by women. All of the 50 have at least one woman director.

(f) If measures are not taken to proactively increase the numbers of women serving on corporate boards, studies have shown that it will take decades, as many as 40 or 50 years, to achieve gender parity among directors, including:

(1) A 2015 study conducted by the United States Government Accountability Office estimated that it could take more than 40 years for the numbers of women on boards to match men.

(2) The 2017 Equilar Gender Diversity Index (GDI) revealed that it will take nearly 40 years for the Russell 3000 companies nationwide to reach gender parity — the year 2055.

(3) Nearly one-half of the 75 largest IPOs from 2014 to 2016 went public with NO women on their boards. Many technology companies in California have gone public with no women on their boards, according to a 2017 national study by 2020 Women on Boards.

(g) Further, several studies have concluded that having three women on the board, rather than just one or none, increases the effectiveness of boards, including:

**Ch. 954** — 4 —

(1) (A) According to the study entitled "Women Directors on Corporate Boards From Tokenism to Critical Mass," by M. Torchia, A. Calabrò, and M. Huse, published in the Journal of Business Ethics in 2011, and a report entitled "Critical Mass on Corporate Boards: Why Three or More Women Enhance Governance," attaining critical mass, going from one or two women directors to at least three women directors, creates an environment where women are no longer seen as outsiders and are able to influence the content and process of board discussions more substantially.

(B) Boards of directors need to have at least three women to enable them to interact and exercise an influence on the working style, processes, and tasks of the board, in turn positively affecting the level of organizational innovation within the firm they govern.

(2) (A) A 2016 McKinsey and Company study entitled "Women Matter" showed nationwide that companies where women are most strongly represented at board or top-management levels are also the companies that perform the best in profitability, productivity, and workforce engagement.

(B) Companies with three or more women in senior management functions score even more highly, on average, on the organizational performance profile, than companies with no women on boards or in the executive ranks. When there are at least three women on corporate boards with an average membership of 10 directors, performance increases significantly.

SEC. 2. Section 301.3 is added to the Corporations Code, to read:

301.3. (a) No later than the close of the 2019 calendar year, a publicly held domestic or foreign corporation whose principal executive offices, according to the corporation's SEC 10-K form, are located in California shall have a minimum of one female director on its board. A corporation may increase the number of directors on its board to comply with this section.

(b) No later than the close of the 2021 calendar year, a publicly held domestic or foreign corporation whose principal executive offices, according to the corporation's SEC 10-K form, are located in California shall comply with the following:

(1) If its number of directors is six or more, the corporation shall have a minimum of three female directors.

(2) If its number of directors is five, the corporation shall have a minimum of two female directors.

(3) If its number of directors is four or fewer, the corporation shall have a minimum of one female director.

(c) No later than July 1, 2019, the Secretary of State shall publish a report on its Internet Web site documenting the number of domestic and foreign corporations whose principal executive offices, according to the corporation's SEC 10-K form, are located in California and who have at least one female director.

(d) No later than March 1, 2020, and annually thereafter, the Secretary of State shall publish a report on its Internet Web site regarding, at a minimum, all of the following:

(1) The number of corporations subject to this section that were in compliance with the requirements of this section during at least one point during the preceding calendar year.

(2) The number of publicly held corporations that moved their United States headquarters to California from another state or out of California into another state during the preceding calendar year.

(3) The number of publicly held corporations that were subject to this section during the preceding year, but are no longer publicly traded.

(e) (1) The Secretary of State may adopt regulations to implement this section. The Secretary of State may impose fines for violations of this section as follows:

(A) For failure to timely file board member information with the Secretary of State pursuant to a regulation adopted pursuant to this paragraph, the amount of one hundred thousand dollars ($100,000).

(B) For a first violation, the amount of one hundred thousand dollars ($100,000).

(C) For a second or subsequent violation, the amount of three hundred thousand dollars ($300,000).

(2) For the purposes of this subdivision, each director seat required by this section to be held by a female, which is not held by a female during at least a portion of a calendar year, shall count as a violation.

(3) For purposes of this subdivision, a female director having held a seat for at least a portion of the year shall not be a violation.

(4) Fines collected pursuant to this section shall be available, upon appropriation by the Legislature, for use by the Secretary of State to offset the cost of administering this section.

(f) For purposes of this section, the following definitions apply:

(1) "Female" means an individual who self-identifies her gender as a woman, without regard to the individual's designated sex at birth.

(2) "Publicly held corporation" means a corporation with outstanding shares listed on a major United States stock exchange.

SEC. 3. Section 2115.5 is added to the Corporations Code, to read:

2115.5. (a) Section 301.3 shall apply to a foreign corporation that is a publicly held corporation to the exclusion of the law of the jurisdiction in which the foreign corporation is incorporated.

(b) For purposes of this section, a "publicly held corporation" means a foreign corporation with outstanding shares listed on a major United States stock exchange.

O