IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALLIANCE FOR FAIR BOARD RECRUITMENT,**<br><br>Plaintiff,<br><br>v.<br><br>**DR. SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,**<br><br>Defendant. | Case No. 2:21-cv-05644-RGK (RAOx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT SECRETARY OF STATE'S MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE** |

Having considered Defendant Secretary of State's October 4, 2021 Motion to Dismiss, the accompanying Request for Judicial Notice, the parties' briefing on the Motion, arguments of counsel, and relevant legal authorities, and good cause appearing therefor:

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), that Defendant's Motion is GRANTED. IT IS FURTHER ORDERED:

(1) Defendant's Request for Judicial Notice is GRANTED, as all exhibits therein are matters of public record and are not subject to reasonable dispute as to their accuracy or authenticity. *See Daniels-Hall v. Nat'l*

1

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

(2) With respect to Counts 1, 2, and 3, Plaintiff has failed to plead a facial challenge because SB 826 and AB 979 admit of permissible application. *See S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 467-68 (9th Cir. 2001). Counts 1, 2, and 3 of Plaintiff's Complaint are therefore DISMISSED.

(3) Because SB 826 and AB 979 can be validly applied, leave to amend Counts 1, 2, and 3 as facial challenges would be futile and is thus denied. *See, e.g.*, *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."). Plaintiff is granted leave to amend Counts 1, 2, and 3 only for the opportunity to plead an as-applied challenge.

(4) Count 4 of Plaintiff's Complaint is DISMISSED WITH PREJUDICE because, *inter alia*, the internal affairs doctrine is a choice of law doctrine, not a cause of action. *See Atherton v. FDIC*, 519 U.S. 213, 224 (1997) (quoting *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982)) (explaining that the internal affairs doctrine is a "conflict of laws principle").

If so desired, Plaintiff may file an amended complaint on or before _____, 2021.

Dated: _____, 2021      By_____
HON. R. GARY KLAUSNER
U.S. District Judge