UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05644-RGK-RAO | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Alliance for Fair Board Recruitment v. Weber* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Transfer Venue [DE 28]

## I. INTRODUCTION

On July 12, 2021, Plaintiff Alliance for Fair Board Recruitment ("Plaintiff" or "Alliance") brought this action against Dr. Shirley N. Weber ("Defendant" or "Secretary Weber") in her official capacity as California's Secretary of State. The lawsuit concerns two California laws, Senate Bill 826 ("SB 826") and Assembly Bill 979 ("AB 979"), which require publicly held corporations headquartered in California to maintain a minimum number of women and individuals from underrepresented communities, respectively, on their boards. Plaintiff challenges these laws on the grounds that they violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Internal Affairs Doctrine. Plaintiff also challenges AB 979 on the ground that it violates 42 U.S.C. § 1981 by requiring discrimination based on race and ethnicity. Plaintiff seeks declaratory and injunctive relief. Defendant has not yet responded to the Complaint.

Presently before the Court is Defendant's Motion to Transfer Venue to the Eastern District of California. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

The laws challenged by this action are:

SB 826: provides that "a publicly held domestic or foreign corporation whose principal executive offices . . . are located in California shall have a minimum of one female director on its board." Moreover, the minimum requirements increase as the total number of board members increases (i.e., one female director for boards of four or fewer directors, two female directors for boards of five, and at least three female directors for boards of six or more directors).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05644-RGK-RAO | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Alliance for Fair Board Recruitment v. Weber* | | |

AB 979: provides that "a publicly held domestic or foreign corporation whose principal executive offices . . . are located in California shall have a minimum of one director from an underrepresented community on its board." Underrepresented community means someone who self-identifies as Black, African-American, Hispanic, Latino, Asian, Pacific Islander, Native American, Native Hawaiian, or Alaska Native, or who self-identifies as gay, lesbian, bisexual, or transgender. Minimum requirements similarly vary with the size of the board.

Since these bills were signed into law, four lawsuits, including this one, have been filed challenging them. Two are pending in the Los Angeles Superior Court, and the other federal case, *Meland v. Weber*, No. 2:19-cv-02288-JAM-AC (E.D. Cal. Nov. 13, 2019) ("*Meland*"), is pending in the Eastern District of California. *Meland* challenges SB 826 based on the plaintiff's status as a shareholder of a publicly traded company headquartered in California. It seeks a declaratory judgment that SB 826 violates the Equal Protection Clause and also an injunction prohibiting the Secretary of State from enforcing the law. The Ninth Circuit has determined that the plaintiff in *Meland* has standing to sue and that the challenge is ripe.

The instant case challenges SB 826 for the same reason as in *Meland*, and also challenges AB 979 on the same grounds. It further challenges both laws under the internal affairs doctrine, and challenges AB 979 under § 1981. Plaintiff asserts standing based on two facts: (1) some of its members are shareholders of publicly traded corporations in California and (2) some of its members are men who are not members of an underrepresented community that are seeking director positions on the boards of these companies. Both federal cases are in the early stages of litigation.

**III. JUDICIAL STANDARD**

The venue statute provides that a court may transfer a civil action to any other district "[f]or the convenience of parties and witnesses, in the interest of justice," so long as the transferee district is one where the case "might have been brought." 28 U.S.C. § 1404(a). To determine whether a transfer is appropriate, the Court considers a number of public and private interest factors, none of which are dispositive. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

**IV. DISCUSSION**

Defendant argues that transfer to the Eastern District of California is proper here because (1) Plaintiff could have brought this action in the Eastern District; and (2) the section 1404(a) convenience factors weigh in favor of transfer. As there is no dispute that Plaintiff could have filed the case in the Eastern District of California, the Court turns to whether such a transfer is convenient for the parties and witnesses, and whether it is in the interests of justice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05644-RGK-RAO | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Alliance for Fair Board Recruitment v. Weber* | | |

### A. Whether Public and Private Interest Factors Weigh in Favor of Transfer

As an initial matter, the Court notes that while there are a number of public and private interest factors that courts typically consider in evaluating transfer motions, the parties here limit their arguments to only a few of the factors. Thus, the Court addresses only those factors.

#### 1. Plaintiff's Choice of Forum

Plaintiff argues that the Court should give its choice of forum substantial deference. (Opp. at 5, ECF No. 35.) Typically, courts give a plaintiff's choice of forum deference. However, when a plaintiff is not a resident of the chosen forum, a court gives less deference to the plaintiff's choice. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981). Here, Plaintiff is a nonprofit membership association based in Texas. It claims to have members who own shares of publicly held corporations in the Central District of California, but the Complaint contains no allegations that those members live or work here, or that they have any additional contacts with this forum. (Mot. at 12–13, ECF No. 28.) Therefore, Plaintiff's choice of forum should not be given any more weight than other factors the Court evaluates in making its decision. Plaintiff's choice is not by itself determinative, nor is it afforded greater weight than the other factors.

#### 2. Public Factors

##### a. Judicial efficiency and economy

Concerns over judicial efficiency are paramount in considering whether to transfer a case to a different venue. *See Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). Defendant reasons that because there is a similar challenge to SB 826 in the Eastern District, it is more efficient to have one judge, who is already familiar with the legal and factual issues, adjudicate both disputes. (Mot. at 12.) Plaintiff counters that this case and *Meland* share only one point of commonality, an equal protection challenge to SB 826, and that because the instant lawsuit involves additional legal challenges and questions of standing, the cases are not sufficiently similar to warrant transfer on the basis of judicial efficiency or economy. (Opp. at 4.)

While only one of the challenges in the instant lawsuit mirrors that of the *Meland* case, as Defendant argues, a decision on that one issue will inform a decision on Plaintiff's challenge to AB 979, and will also result in a decision on Plaintiff's § 1981 claim. Additionally, Judge Mendez in the Eastern District has already spent time and resources engaging with the shareholder standing issue in *Meland* and is evaluating the merits of the case as it decides the preliminary injunction motion. Although Plaintiff here is not requesting a preliminary injunction, Judge Mendez will still have examined the equal protection challenge to SB 826 in *Meland* and will be able to more efficiently adjudicate the issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05644-RGK-RAO | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Alliance for Fair Board Recruitment v. Weber* | | |

presented in this case as a result. Therefore, it is in the interests of justice to transfer this case to the Eastern District because it promotes judicial efficiency and economy.

### b. Administrative difficulties

A case may warrant transfer where it could be resolved in a significantly shorter amount of time in a different district. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005). Plaintiff argues that the average time from filing to disposition for a case in the Central District is almost half that of the Eastern District, and therefore, this factor weighs against transfer. In fact, Plaintiff goes so far as to say that this was a key consideration in filing the case here. (Opp. at 6–7.) The Court finds this unpersuasive.

First, SB 826 was signed into law three years ago and went into effect at the close of 2019. AB 979 was signed into law one year ago and will go into effect at the end of this year. Two of the four cases challenging these laws were filed in 2019, whereas Plaintiff did not file this case until July of 2021. As Plaintiff waited three years to challenge SB 826, and one year to challenge AB 979, the Court is not persuaded to maintain the action in this district simply because Plaintiff now wants a speedy resolution.

Additionally, *Meland* has already resulted in a Ninth Circuit ruling on the standing of a shareholder plaintiff, and it is now facing an evaluation on the merits because the plaintiff has moved for a preliminary injunction. Therefore, it is just as likely that the case will be resolved more quickly in the Eastern District before a judge who is familiar with the legal and factual issues presented. This factor is, at most, neutral and does not weigh in favor of transfer.

### 3. Private Factors

### a. Convenience of Witnesses

Next, the Court considers whether transfer is convenient for the parties and witnesses as per 28 U.S.C. § 1404(a). As for the parties, Defendant has offices in both Sacramento and Los Angeles, and Plaintiff resides in neither locale.[1] (Mot. at 12–13; Opp. at 5–6.) Thus, neither forum seems particularly

---

[1] Defendant objects to the use of Plaintiff's counsel's declaration to establish that one of Plaintiff's members has a connection to the Central District of California. As the declarant has offered an out of court statement offered to prove the truth of a matter asserted, the Court finds that this is inadmissible hearsay. Fed. R. Evid. 801, 802. Therefore, the Court sustains Defendant's evidentiary objection, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05644-RGK-RAO | Date | October 19, 2021 |
|---|---|---|---|
| Title | *Alliance for Fair Board Recruitment v. Weber* | | |

convenient for the parties. As for the witnesses, Plaintiff argues that because discovery may be exchanged and taken remotely, this factor does not weigh in favor of transfer. (Opp. at 6.) However, witnesses may be asked to appear in person at trial. Defendant has identified five individuals who have submitted declarations in a similar state court action, and stated these individuals are likely to provide testimony in this proceeding as well. (Mot. at 13–14.) Since these potential witnesses are based in the Eastern District of California, this factor weighs in favor of transferring the case there for their convenience.

### V.   CONCLUSION

As the factors presented by the parties weigh in favor of transfer, the Court **GRANTS** Defendant's Motion and transfers the action to the Eastern District of California.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   _____

---

does not consider this evidence in its analysis. The Court notes, however, that even if the declaration were admissible, the statements included therein would not alter the Court's analysis.